

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Joe E. Webb
County Attorney
Madison County
Madisonville, Texas

Dear Sir:

Opinion No. O-1946
Re: County depositories --
F. D. I. C. -- Maximum
insurance of deposit
accounts -- Principles
considered.

We have your letter of February 6, 1940, asking
this department for an opinion upon the following stated
case:

"The county depository of Madison
County, Texas, was the North Zulch State
Bank, located in Madison County in the
town of North Zulch. Deposits up to
$5000.00 were guaranteed by the Federal
Deposit Insurance Corporation. This
bank closed on January 4, 1940, and a
liquidating agent of the State Banking
Department and officials of the Federal
Deposit Insurance Corporation immediate-
ly took charge.

"The F. D. I. C., as guarantor, has
paid to the Treasurer of Madison County
the sum of $5000.00, without prejudice
to any further claims. The F. D. I. C.
takes the position that the several ac-
count balances of the County Treasurer,
and the account balance of the County
Tax Assessor-Collector comprise only
one insurable account within the mean-
ing of the F. D. I. C. Act, and that,

therefore, the payment of $5000.00 by the
F. D. I. C. completely discharges its in-
surance liability. With this, the county
officials do not agree.

"A list of all accounts involved is
attached hereto and made a part hereof.
The names of the several accounts are the
same as appear on the bank books and the
records of the County Treasurer. Each of
these accounts was carried separately, and
on a separate sheet by the bank, also by
the respective County officials. This
list indicates which accounts were carried
by the County Treasurer, and which were
carried by the Tax Assessor-Collector.

"Does the money in any account car-
ried by the County Treasurer, or carried
by the Tax Assessor-Collector, held in
trust or otherwise, enjoy such actual
separate ownership as to entitle it to
separate insurance under the terms of
the F. D. I. C. Act?"

Some time ago the writer had occasion to investi-
gate the question presented by your letter, and under date
of March 20, 1936, as counsel for the Banking Commissioner,
he advised that officer as follows:

"Mr. McGreary (former Banking Com-
missioner) inquired of the Federal De-
posit Insurance Corporation as follows:

"'Kindly inform us by return air-
mail the protection afforded each politi-
cal subdivision account for county funds.
For instance, we are a county depository
for Bell County, Texas, and various road
districts and common school districts in
said county, and it is our understanding
that each separate unit, school district,
or road district account is protected up
to $5000.00.'

"The Executive Assistant to the Comp-
troller of Currency replied by wire, as
follows:

"'If the road district is a separate
entity, capable of ownership of property
and if it actually owns the funds on de-
posit and the records of the bank reflect
such ownership, then such account is in-
sured to the extent of $5000.00 the same
is true of an account of a school district.'

"In Texas there can be no doubt that a
county, city, school district, water-improve-
ment district, irrigation district and the
like are legal entities authorized not only
to own property but to contract, sue and
be sued and the like, and if such corporate
entity carries an account insured bank, it
undoubtedly is protected." (Opinion No.522)

The Circuit Court of Appeals for the Tenth Cir-
cuit has recently handed down an elaborate opinion upon
this question. It is in the case of Federal Deposit In-
surance Corporation v. Casady, Town Treasurer, 106 F. (2)
784. It quotes Section 12B, subsection (1) of the Federal
Reserve Act of June 16, 1933, as amended by the Act of
June 16, 1934, defining the term "insured deposits liabil-
ity" as follows:

"For the purposes of this subsection,
the term 'insured deposit liability' shall
mean with respect to the owner of any claim
arising out of a deposit liability of such
closed bank the following percentages of
the net amount due to such owner by such
closed bank on account of deposit liabili-
ties. * * *
"That, in determining the amount due
to such owner for the purpose of fixing
such percentage, there shall be added to-
gether all net amounts due to such owner
in the same capacity or the same right,
on account of deposits, regardless of
whether such deposits be maintained in
his name or in the names of others for
his benefit."

As pointed out in the writer's advice to the Bank-
ing Commissioner above referred to, there can be no doubt
that school districts, water-improvement districts, irriga-

tion districts and the like are legal entities eligible in all respects to have and to claim the protection of the insurance given by the Federal Deposit Insurance Corporation.

Where such legal entity owns a deposit account and the fact of ownership appears from the bank's books, there can be no doubt of its right to the insurance thereof to the maximum amount of the individual account.

Another instance of such right, very closely akin to, if not identical with the above, is the case of an account by one depositor in trust for another person or specific use.

The Circuit Court of Appeals' opinion above cited discusses especially this latter phase of the problem.

This well-reasoned opinion makes clear that funds on deposits in banks, representing a trust, held in fact or in law for a definite purpose, and not within the general control of the depositor, are deposits for the account of the cestui que trustent and not those of the actual depositor, entitled under the Federal Reserve Act to the insurance afforded by the Federal Deposit Insurance Corporation to the maximum amount for individual accounts.

The principles announced in that decision are controlling of the questions propounded by you. The essence of those principles is that the real owner of the account, whether it be a political subdivision of the State or county, or a beneficiary of a trust, and where that ownership appears from the bank's books, each such separate legal entity or trustee, as the case may be, is entitled to the maximum insurance upon its or his account. These principles, when rightly applied, will answer your inquiries above set forth. It would serve no useful purpose to elaborate upon such principles to the point of considering the various respective funds listed and appended to your letter of inquiry. As County Attorney you are quite familiar with these funds and their exact status as to real ownership, and are likewise capable of determining each of them in the light of this opinion, especially the Casady opinion,

which appears to be the latest exposition of the law upon this question.

We have assumed, as stated by you in your letter, that "each of the accounts was carried separately and on a separate sheet by the bank."

Trusting that this will have answered your inquiries satisfactorily, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED FEB 15, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN